**ULERY–WILLIAMS, INC., a Wyoming corporation, Appellant (Plaintiff),**

v.

**FIRST WYOMING BANK, N.A.—LARAMIE, Appellee (Defendant).**

No. 87–142.

Supreme Court of Wyoming.

Jan. 22, 1988.

Kennard F. Nelson, Kirkwood, Copenhaver & Nelson, Laramie, for appellant.

Becky N. Klemt, Pence & MacMillan, Laramie, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

THOMAS, Justice.

The question to be resolved in this case is whether a statutory notice furnished to individuals who were officers (one of whom also was a director and counsel) of a corporation satisfies the statutory requirement of notice to the corporation set forth in § 34–4–103, W.S.1977, relating to foreclosure of a real estate mortgage by advertisement pursuant to a power of sale. The district court concluded that the notice was sufficient and, in an action to quiet title brought by the corporation, it entered summary judgment in favor of the mortgagee who had purchased at the advertised sale. We disagree with the decision of the district court; hold that the notice did not satisfy the statutory requirement; and reverse the summary judgment in favor of the mortgagee.

In its brief, the appellant states the issue to be:

"Was the notice provided by appellee sufficient to support a valid mortgage foreclosure against appellant, a corporate record owner of the property?"

First Wyoming Bank, N.A.—Laramie, as appellee, presents this argument on the issue:

"The district court did not err in finding any irregularity in service of the notice of foreclosure on Ulery–Williams, Inc. did not invalidate the proceedings in question. Specifically, the district court did not err in finding that notice to Earl L. Williams, Jr. was notice to Ulery–Williams, Inc. of appellee's intent to foreclose."

Earl L. Williams, Jr. and Edith M. Williams mortgaged certain real property in Laramie to First Wyoming Bank, N.A.—Laramie (Bank). The mortgage was recorded on November 18, 1982. In two warranty deeds, one dated August 27, 1985 and the other dated September 4, 1985, the Williams conveyed the mortgaged property to Ulery–Williams, Inc., a Wyoming corporation, the appellant in this case. These deeds were recorded promptly. On March 21, 1986, the Bank obtained a title insurance policy which showed that record title to a portion of the property was vested in the appellant.

Default occurred on the obligations secured by the mortgage. The Bank proceeded to invoke the remedy of foreclosure

by advertisement and sale. Following the publication of notice, pursuant to § 34–4–105, W.S.1977, the Bank purchased the property which is the subject matter of this action at the statutory sale by bidding the amount of the indebtedness. A sheriff's deed was delivered to the Bank on October 20, 1986, after the statutory redemption period had passed.

The material facts with respect to the issue posed are undisputed and disclose that, on April 2, 1986, the Bank sent a notice of default and intent to foreclose by certified mail to Mr. and Mrs. Williams at their home address. Mr. Williams signed the return receipt for the letter. No reference is made in the letter to Ulery–Williams, Inc. Mrs. Williams was president of the corporation, and Mr. Williams was the secretary, a director, the agent for service of process and attorney for the corporation. In addition to the failure to mention the appellant, the letter did not disclose in any manner that it was directed to Mr. Williams or Mrs. Williams in any representative capacity. The last-known mailing address of Ulery–Williams, Inc., as reflected in the recorded warranty deeds, was different from the Williams' home address. The address of the registered office set forth in the articles of incorporation was different from the Williams' home address. The notice of sale which was published in the Laramie newspaper made no reference to Ulery–Williams, Inc. The statute provides:

"Section 34–4–103. Prerequisites to foreclosure.

"(a) To entitle any party to give a notice as hereinafter prescribed and to make such foreclosure, it is requisite:

     *     *     *     *     *     *

"(iv) That written notice of intent to foreclose the mortgage by advertisement and sale has been served upon the record owner, and the person in possession of the mortgaged premises if different than

the record owner, by certified mail with return receipt, mailed to the last known address of the record owner and the person in possession at least ten (10) days before commencement of publication of notice of sale. Proof of compliance with this subsection shall be by affidavit."

The file in this case is clear with respect to the fact that the appellant was the record owner and that the statutory notice was not mailed to the last known address of the record owner. The letter which was sent to the Williams was sent to them in their individual capacities.

The appellant brought this action in the district court seeking to quiet its title to the mortgaged property. The appellee defended by asserting that even though the statutory requirements were not met, the appellant had actual notice which is sufficient under the statute to justify foreclosure of the appellant's title. Upon a motion for summary judgment filed by the appellee, the district court ruled that the irregularity in service of the notice did not invalidate the proceedings; that the appellant properly was notified of the intent to foreclose; that the appellee was entitled to judgment as a matter of law; and it entered an order granting summary judgment in this matter.[1]

It is the rule in Wyoming that "[m]andatory statutes must be obeyed, and courts have no right to make law contrary to that prescribed by the legislature. *In re Hartt's Estate,* 75 Wyo. 305, 295 P.2d 985 (1956)." *Thomson v. Wyoming In–Stream Flow Committee,* Wyo., 651 P.2d 778, 787 (1982). On their face, the provisions of § 34–4–103, W.S.1977, are mandatory. The nature of a mandatory statute is described appropriately by one text writer in this way:

"* * * [B]ut where [the statute] directs acts or proceedings to be done in a certain way and indicates that a compliance

---

1. We are concerned about the lack of finality of this order because, on its face, it does not dispose of the appellee's counterclaim in the district court. The record would not justify the relief sought; and, under the circumstances, we conclude that the appellee perceived the "Order on Motion for Summary Judgment" as denying its counterclaim, thus providing the requisite finality. We address the issues on the merits based upon our conclusion that the order did have the effect of denying the appellee's counterclaim.

with such provisions is essential to the validity of the act or proceeding, or requires some antecedent and prerequisite conditions to exist prior to the exercise of the power, or be performed before certain other powers can be exercised, the statute may be regarded as mandatory." E. Crawford, The Construction of Statutes § 261 at 515 (1940).

In an encyclopedia and in another text, the necessity of strict compliance with a notice requirement is emphasized.

"Whenever notice is necessary, it must appear that it was served on the proper person, and there must be strict compliance with a statute requiring service on a particular person, so that service on another person is not sufficient." 66 C.J.S. *Notice* § 18 at 658 (1950).

"It is clear, of course, that there must be strict compliance with a statutory provision designating persons to whom notification is to be given." 1 M. Merrill, Merrill on Notice § 554 at 582 (1952).

The Idaho Court of Appeals has decided a very similar question. In *Security Finance Corporation v. Bishop*, Idaho App., 704 P.2d 357 (1985), the mortgagor furnished a deed of trust with power of sale to the lender as security for a loan. Upon default, it was clear that notice of the intended foreclosure was not received by the mortgagor as required by the statute, but the mortgagor did admit prior actual knowledge of this foreclosure sale. The Idaho court held that the defective notice invalidated the foreclosure sale. In so doing, the court noted the relative ease with which a lender could foreclose by power of sale, as opposed to a judicial foreclosure, and it held that this justified a requirement of strict compliance with the deed of trust statutes. See also *Patton v. First Federal Savings and Loan Association of Phoenix*, 118 Ariz. 473, 578 P.2d 152 (1978).

Appellee has furnished citations to authorities which are distinguishable because, in those instances, actual notice was acquired by agents of the corporation acting in that capacity. There is nothing in this record which demonstrates that the notice, for which Earl Williams signed the return receipt, was furnished to either Mr. Williams or Mrs. Williams as an agent of the corporation. We hold that the clear requirements of § 34–4–103, W.S.1977, must be met in order to foreclose the interest of the appellant by the advertisement and sale procedure. The actual notice to the Williams, which was not furnished to them as representatives of the corporate appellant, does not suffice to satisfy the statutory requirement. We are cognizant of the potential perception of inequity in this result, but we remind the members of our bench and bar and their clients that this rule also applies in situations in which there would be no perception of inequity.

We note that the product of the foreclosure process in this instance left a title of record in the appellant which was not foreclosed by the proceeding instituted by the appellee. That title defect held potential for future problems and would require, in any event, some further action to protect the record title to the appellee. Under the circumstances, we conclude that the best rule is to require compliance with the statutory procedure for foreclosure by advertisement and sale. The district court, by its decision, did not do that.

The summary judgment entered in favor of the appellee is reversed and the case remanded for further proceedings in accordance with this opinion.