**SONG LEE, d/b/a Tokyo Massage and Kim B. McCallum, d/b/a Annma, Appellants (Defendants),**

v.

**Francis FERGUSON, Norma Jean Gramlich and Mary Eiseman, Appellees (Plaintiffs).**

No. 89–246.

Supreme Court of Wyoming.

Aug. 24, 1990.

Julie Nye Tiedeken of McDaniel and Tiedeken, Cheyenne, for appellants.

Robert T. Moxley, Cheyenne, for appellees.

Before CARDINE, C.J., THOMAS, MACY and GOLDEN, JJ., and RAPER, J., Retired.

RAPER, Justice, Retired.

Appellees sued appellant and Kim B. McCallum (not a party to this appeal) for rent allegedly due appellees on leases of premises for use as a massage parlor. Appellant's five-year lease was dated June 25, 1985. The McCallum lease, dated August 1, 1986, was made as part of a sale of appellant's business to McCallum. Partial summary judgement against McCallum for rent covered by a promissory note to appellees was allowed. The trial judge held that the lease, appellees to appellant, was not surrendered and appellant was still liable for rent provided by such lease, and granted judgment accordingly.

Appellant states the issues to be:

1. Can surrender by operation of law occur from acts of the parties alone rather than by an "agreement"?

2. Can a Lessor recover deficiencies under a lease agreement when the Lessor has not made a demand for payment pursuant to the terms of the lease?

Appellees frame the issues as:

1. Can the facts as found by the trial court be invoked to reverse the ruling that there was no surrender by operation of law?

2. As a matter of law, does the parties' contract, in expressly allowing for mitigation of damages, preclude such mitigation from operating as a surrender?

3. Is it too late for the appellant to raise a "lack of demand" defense which was not developed in the pleadings or at trial?

4. Can demand be a condition precedent, the lack of which defeats a claim for payment of money?

Since the formal findings of fact set out by the trial judge have a sound basis in the transcript of a full-blown trial held in this case, we will adopt them as our outline of the facts forming the backdrop of our decision:

1. The [appellees] are a partnership which owns and holds for the purpose of rental certain premises on Westland Road in Cheyenne, Wyoming, which consist of office buildings including the property involved in this matter, located at 1720 Westland Road.

2. The [appellant] Song Lee was a tenant at will for a period of time at 1710 Westland Road, another property belonging to the [appellees], and in the months preceding July, 1985, negotiated with the [appellees'] agent L.M. Cheesbrough, resulting in a lease arrangement whereby the premises at 1720 Westland Road were to be leased to the [appellant] Song Lee for a five-year period beginning in August of 1985. The lease was signed on July 25, 1985.

3. The [appellees] expended some Twenty–Two Thousand Dollars ($22,-000.00) in improving the leased premises, a substantial portion of which was for improvements to be used in the [appellant] Song Lee's massage parlor business, "Tokyo Massage."

4. In the spring of 1986, trouble between the [appellant] Song Lee and the City of Cheyenne, whereby criminal charges were lodged against certain individuals involved in the [appellant's] business, resulted in the closure of Tokyo Massage.

5. The [appellant] Song Lee subsequently negotiated with the [appellees'] agent L.M. Cheesbrough towards a sublease or sale of his business, and the [appellees'] said agent indicated by letter that the [appellees] would seek to accommodate [appellant].

6. The [appellant] Song Lee on or about June 25, 1986, sold the Tokyo Massage business to the defendant [not a party to this appeal] Kim B. McCallum. The bill of sale provided that the defendant Kim B. McCallum would "assume full responsibility of lease of the building."

7. On July 28, 1986, the [appellees] entered into a five-year lease with Kim B. McCallum, contingent upon her receiving a Massage Parlor License from the City of Cheyenne, and providing that the lease would terminate September 1, 1986, should the license not be granted. By a telephone conversation on said date, the [appellant] Song Lee was apprised of the formation of the new lease.

8. The [appellees'] agent L.M. Cheesbrough sent a letter to Song Lee dated July 28, 1986, explaining that the agreement did not release Lee from his obligation but that payments received from McCallum would reduce Lee's obligation. Lee claimed he never received this letter.

9. The defendant McCallum received a Massage Parlor License on or about September 29, 1986, and continued in the premises as a month-to-month lessee until December 18, 1986.

10. The [appellant] Song Lee did not receive notice of McCallum's arrearages in rent payment which occurred in September and October of 1986.

11. The management of the [appellees'] rentals had in the fall of 1986 been taken over by Dr. John Gramlich, who wrote an undated letter early in 1987—in the [appellant] Song Lee's November 16, 1988 Memorandum in Opposition to [Appellees'] Motion for Summary Judgment, the letter was given the date of Janu[a]ry 7, 1987—stating to Lee that McCallum's default "causes the lease to be your responsibility again."

12. The Song Lee lease, at paragraph 14, gives the [appellees] the right to relet in mitigation of damages without terminating the lease, and provides that the [appellant] Song Lee will pay any deficiency.

13. The [appellees] have mitigated their damages by leases of the premises to Inberg–Miller Engineers, Wyoming Centennial Marketing Association and Action Refrigeration, such that through the date of trial, [appellees] are damaged in the amount of $26,882.50.

14. At the present rate of mitigation of damages, the damages which will accrue through August of 1990 will total $5,116.00.

It appears to us that the strength of appellees' case lies in the terms of appellant's lease with appellees. Section 14 of the lease provides for appellant's continuing obligation to abide by the terms of the lease in the event appellant lessee should abandon or vacate the premises:

14. Vacating During Term:

Except as provided in paragraphs 10, 15 and 19 if Lessee shall abandon or vacate the leased premises before the end of the term of this lease, or shall suffer the rent to be in arrears, Lessor may at its option and without notice enter said premises, remove any signs and property of Lessee therefrom, and enter the leased premises or any part thereof as it may see fit without such retaking, voiding or terminating this lease, and for the purpose of reletting, Lessor is authorized to make any repairs or changes in or to the leased premises, at the expense of Lessee, (which will be payable to Lessor upon demand), as may be necessary or desirable for the purpose of such reletting, and if a sum shall not be paid from such reletting to equal the monthly rental reserved and stipulated herein to be paid by Lessee, Lessee will pay such deficiency each month upon demand therefor.

██ This provision of the lease as found by the district judge does give the appellees the right to relet in mitigation of damages without termination of the lease and provides that appellant will pay any deficiency. Appellant was advised by letter by appellees that the McCallum lease would not release appellant from his obligation. While appellant denies receiving the letter, it makes no difference because appellant is bound by the lease terms, not a letter which appellees were not obligated to send.

The importance of the lease provision between appellant and appellees is set out in *Casper National Bank v. Curry*, 51 Wyo. 284, 65 P.2d 1116, 1118 (1937) to the effect that an unqualified taking of posses-

sion and reletting of the premises, if done pursuant to the tenant's surrender, constitute an acceptance of surrender and release the tenant where there is no provision in the lease in regard thereto. That ruling in *Curry* is approved in *Development Enterprises, Inc. v. Miyamoto*, 461 P.2d 419 (Wyo.1969). There being a provision in the lease for payment of any deficiency by the lessee/appellant upon reletting, appellees did not surrender.

Appellant's second issue that it was a condition precedent that a monthly demand by registered mail for rent following the lease to Mrs. McCallum be made upon appellant by appellees before appellees could recover from appellant was never presented to the district court in any form by pleadings, briefs or argument.

While there was evidence that no such notices had been sent to appellant, it was presented only with respect to the issue as to whether there had been surrender by appellees of appellant's lease of the premises. As explained by the trial judge in his oral findings at the close of the trial, "This case presents to the Court one issue as far as I can see, and that is whether or not the lease was surrendered."

██ The district judge pointed out that, if there had been an intent to surrender, notices of deficiency would have been sent to the tenant (Mrs. McCallum), but were not. This court, as a principle of jurisprudence, does not consider issues not first presented to the trial court. *Greaser v. Williams*, 703 P.2d 327 (Wyo.1985); *Scott v. Fagan*, 684 P.2d 805 (Wyo.1984).

Affirmed.