Telford A. **WALKER**, Appellant (Defendant),

v.

Betty J. Franzen **McANNANY**, Appellee (Plaintiff).

No. 90-60.

Supreme Court of Wyoming.

Dec. 13, 1990.

Kenneth S. Cohen, Jackson, for appellant.

Peter F. Moyer, Jackson, for appellee.

Before THOMAS, CARDINE, MACY and GOLDEN, JJ., and RAPER, J. Retired.

RAPER, Justice, Retired.

This case involves a claim for deficiency judgment following foreclosure of a mortgage by notice and sale. The trial court granted a deficiency judgment for the difference between the unpaid mortgage debt at the time of foreclosure and the foreclosure sale price. The difference, including unpaid taxes, attorneys fees and publication costs, came to $51,098.97. Added to that amount are accrued interest, further attorneys fees and costs.

The appellant states the issues to be:

1. Was the written notice provided by appellee in its letter dated February 12, 1987 to Nauman–Walker, a California general partnership, c/o Telford A. Walker, the requisite written notice required by Section 34–4–103(a)(iv), W.S. 1977, to be sent to the record owner of the real property, so as to entitle appellee to foreclose by advertisement and sale the interest of appellant Telford A. Walker, one of the two individual record owners of the subject real property?

2. Was the arbitration process conducted in accordance with the stipulation of the parties and, if not, was it reversible error for the district court to have ordered the parties to trial rather than compelling them to arbitrate in accordance with the stipulation?

The appellee sets out the issues to be:

1. Did the trial court commit reversible error in granting a deficiency judgment against appellant following foreclosure by appellee by notice and sale, in light of appellant's objection to the notice of intent to foreclose?

2. Did the trial court commit reversible error in granting a judgment at trial, following efforts by the parties to arbitrate under a settlement stipulation?

We will affirm the district court's judgment.

The court made findings of fact and conclusions of law which we will summarize as accurately reflecting what the record shows. Peter Nauman and Telford A. Walker, on May 26, 1981, executed and delivered to appellee and her husband, since deceased, a promissory note in the amount of $215,000, secured by a real estate mortgage on a motel located in the Town of Jackson, Teton County, Wyoming. The note and mortgage were executed in the name of Nauman–Walker, a California

general partnership consisting of Peter Nauman and Telford Walker, who executed such note and mortgage in their individual capacities as well. The mortgage was recorded in the Teton County clerk's office.

In June 1981, with appellee's approval, Nauman–Walker, the partnership, quitclaimed its interest in the property to Nauman and Walker individually as tenants in common. The note and mortgage remained in the partnership name. Nauman–Walker, the partnership, was frequently in default under the payment terms, so the payment schedule was restructured by the parties in 1985. Nauman and Walker continued to be in default so appellee decided to foreclose the mortgage by advertisement and sale, as provided by terms of the mortgage.

In February 1987, a default in a condition of the mortgage by non-payment of the note occurred by which the power of the sale became operative. No suit or proceeding had been instituted at law to recover the debt remaining secured by the mortgage and no assignment of this mortgage had been made.[1]

■■■ On February 12, 1987, appellee, through her attorney, sent written notice of intent to foreclose the mortgage by advertisement and sale to the partnership as record owner and upon the person in possession, an individual different than the record owners, Peter Nauman and Telford Walker. The notice of intent was sent to the Nauman–Walker partnership and to Peter Nauman and Telford Walker, by certified mail, return receipt requested, to the last known address of the record owner.

The notices were mailed on February 12, 1987. The person in possession was personally served on such date. The notice was mailed at least ten days before commencement of publication of notice of sale. See note 1, section (iv). Notice of the mortgage foreclosure sale was published for four consecutive weeks beginning March 4, 1987.

Appellant furnished the address of 820 Emerald Bay, Laguna Beach, California 92661, and never caused a change of address to be made. The same address was used when the partnership transferred the property to the individual members of the partnership. Appellant never provided appellee with any different address. The certified letter was returned to sender with a notation that appellant had moved and left no forwarding address.

The appellant made an appearance after a default judgment had been taken and claimed that notice of service by publication had been sent to the wrong address in California since he had been divorced in 1985, moved to a different address in California and had noted the new address on a motel guest register when he checked into the motel in September 1987. The appellee agreed to vacate the default judgment so the case could be heard on the merits. We note that in the Agreement of Purchase and Sale, signed by appellant, is a provision that:

> Any notice required or needed to be given under this agreement shall be delivered or sent by certified mail to the other party addressed as follows:

> \*    \*    \*    \*    \*    \*

1. W.S. 34–4–103 provides that:

   (a) To entitle any party to give a notice as hereinafter prescribed and to make such foreclosure, it is requisite:

   (i) That some default in a condition of such mortgage has occurred by which the power to sell became operative;

   (ii) That no suit or proceeding has been instituted at law to recover the debt then remaining secured by such mortgage, or any part thereof, or if any suit or proceeding has been instituted, that the same has been discontinued, or that an execution upon the judgment rendered therein has been returned unsatisfied in whole or in part; and

   (iii) That the mortgage containing the power of sale has been duly recorded; and if it has been assigned, that all assignments have been recorded; and

   (iv) That written notice of intent to foreclose the mortgage by advertisement and sale has been served upon the record owner, and the person in possession of the mortgaged premises if different than the record owner, by certified mail with return receipt, mailed to the last known address of the record owner and the person in possession at least ten (10) days before commencement of publication of notice of sale. Proof of compliance with this subsection shall be by affidavit.

Telford Walker

820 Emerald Bay

Laguna Beach, California 92661

Reference to the note and mortgage to be executed appeared in such agreement. We are satisfied that the agreement in this case setting out appellant's address as the official address is the one which governs in the disposition in this case. Appellant had never advised appellee of any different address. Even the quitclaim deed by the partnership to the individual partners showed appellant's address as the one to which the notice of intent to foreclose was sent. Additionally, the record discloses that Nauman sent a copy of the notice he had received to Walker with a note attached inquiring whether Walker had "seen this." Appellant thus had actual notice from his partner.

We are unconvinced that appellee is bound by any address appearing on a hotel registration as claimed by appellant. Appellee was owner of another motel where appellant stayed when he was in Jackson on a few occasions. On at least one occasion he showed on his registration card a different address than that appearing on the mortgage and a subsequent document altering the payment terms which also showed the mortgagors as a partnership. The one registration card in evidence is dated *after* the date of the notice of intent to foreclose. The lack of probative value of such evidence is apparent. The appellant simply failed to prove that appellee was aware of any new address for purposes of mortgage foreclosure by notice and sale. Appellee was never notified of any different address for appellant than that appearing in the mortgage.

There is no provision in W.S. 34-4-103(a)(iv), *supra*, that prohibits actual notice of intent to foreclose other than by mailing to the last known address of the record owner. We find in *Globe Mining Co. v. Anderson*, 78 Wyo. 17, 47, 318 P.2d 373, 385 (1957) where it was said that "[d]efendants, having knowledge of * * * claims, will not be heard to raise an imperfect recordation of cértificates of location as a defect of which they can take advan-

tage." The court went on to say that where there is an attempt in good faith "to comply with the law, courts are inclined to be liberal in construing his acts so as not to defeat his claim by technical criticism." *See also Western Standard Uranium Company v. Thurston*, 355 P.2d 377, 387 (Wyo.1960) (quoting *In re Roberts' Estate*, 58 Wyo. 438, 133 P.2d 492, 499 (1943)) where a general rule of statutory construction is discussed wherein it was said that in construing statutes, " '[a] result which is fair and reasonable is sought.' " It was noted that there was no penalty for failure to abide by the statute.

As we visualize it, the purpose of such notice is to afford mortgagee an opportunity to bring the indebtedness current or take other appropriate action to avoid foreclosure. Even if appellee had a burden of making an extensive search for a different address for appellant, which we do not believe she had, appellant has not shown prejudice by his having actual notice rather than receiving a notice by certified mail. In the case before us, there was no prohibition against appellant having actual notice from his partner of appellee's intent to foreclose her mortgage and there appears no question about the good faith of appellee. Appellant had actual notice. It has been broadly said by the Wyoming Supreme Court that "[t]he law is almost elementary that whatever puts a party on inquiry amounts to 'notice.' " *Rodin v. State ex rel. City of Cheyenne*, 417 P.2d 180, 195 (Wyo.1966).

We are not inclined to follow appellant's view of what he considers the law, which would require appellee to make an extensive search for a new address when the certified letter was returned. This is an unnecessary burden to place on the mortgagor who has parted with her property. Since the parties went to the effort of setting out specific addresses in the security instruments, appellee should be entitled to rely upon such information in the absence of specific notice of a change of address. It was not up to appellee to conduct an elaborate or even any lesser search

for appellant's whereabouts after his divorce.

■ We are aware of and have considered *Ulery–Williams, Inc. v. First Wyoming Bank, N.A.–Laramie*, 748 P.2d 740 (Wyo.1988) wherein this court held that notice to individual corporate officers at their home address did not satisfy statutory requirement of notice of foreclosure of the corporation's real estate mortgage by advertisement pursuant to power of sale. We are convinced that such case can be readily distinguished because of the facts and circumstances appearing here.

We consider it of singular significance that repeatedly in all documents pertaining to the mortgage appellant held himself out as a partner, even after a deed dated June 17, 1981 by the partners conveying the motel by the partnership to the members as equal tenants in common as partners. The transfer was made by consent of the mortgagee but subject to "the understanding that you both remain jointly and severally liable under the Promissory Note, Mortgage, Agreement for Purchase and Sale and related documents." In 1985, the parties shown as "Nauman–Walker, a California general partnership composed of Peter B. Nauman and Telford A. Walker and Betty McAnnany a/k/a Betty J. Franzen," amended the promissory note to modify the payment terms. Nauman–Walker reported income to the IRS on partnership forms. We consider it compelling that the partnership was never dissolved in accordance with the terms of the agreement of partnership in evidence. Furthermore, the partnership agreement showed the motel titled as "a tenancy in common." It was part of the partnership plan that the tenancy in common be created from the very beginning. The subsequent execution of the quitclaim deed by appellee made no change in the partnership note and mortgage setting out appellant's mailing address. These facts, coupled with the lack of any notification of any different address for the appellant other than that appearing in the mortgage, and the actual notice to the appellant, all combine to distinguish this case from *Ulery–Williams, Inc.*, 748 P.2d 740. While the appellant does much complaining about being deprived of the right of redemption, nowhere do we see a tender of redemption money.

■ As to the issue of arbitration, it appears, during trial, the parties agreed to arbitration of the issue of value of the mortgaged property because of appellant's claim that the amount bid by mortgagee was not fair and was not made in good faith. The appraisal of the arbitrators fixed the value at $180,000, the amount bid by appellee, but appellant objected to the decision, claiming that the appraisers had an informal meeting with appellee and her husband. After giving counsel for both parties an opportunity to agree on three different appraisers, and neither having responded that they had so agreed, the trial court set the matter for trial. Neither party thereafter raised any question about going ahead with arbitration, nor was any objection to trial made. The appellant made a request for change of trial date. Pretrial documents were filed by appellant but no objection to trial was made. No objection was ever made after notice of trial setting to the matter being tried by the court. Notice of appeal from the court's judgment, which made no mention of arbitration, was filed by appellant.

It is our view that appellant consented to the matter being tried by the trial judge and that, no objection having been made, appellant has waived any right to raise any issue of arbitration on appeal. The appellant failed to preserve for consideration by this court by making objection to proceeding by trial rather than arbitration. He should have immediately, after the case was set for trial, objected and given the trial judge an opportunity to rule on such objection. As this court has so often said, it will not consider issues not first presented to the trial court. *Song Lee v. Ferguson*, 795 P.2d 1220 (Wyo.1990) and cases

cited.[2]

Affirmed.

---

2. See also *Palm v. Palm*, 784 P.2d 1365 (Wyo. 1989), an interesting divorce case involving appointment by a district court of a master to divide the personal property. The husband did not object until he received the master's bill for services. Too late, said this court. If objection to the appointment is to be taken by a litigant, it must be made timely by filed objection, and, if possible, before performance by the master. A failure to make timely objection constitutes a waiver of error. We see much similarity here. A party cannot appeal from a judgment or order to which he has, to all intents and purposes, consented.