**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**March 25, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

CAROL W. GARRETT; TERRY LEE
GARRETT,

    Plaintiffs - Appellants,

v.

WELLS FARGO BANK N.A.,

    Defendant - Appellee.

No. 24-8013
(D.C. No. 1:24-CV-00007-SWS)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **EBEL** and **BACHARACH**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

submitted without oral argument.

Appellants Carol and Terry Lee Garrett ("the Garretts") appeal from the

district court's order dismissing their complaint, which alleged Appellee Wells Fargo

foreclosed on the Garretts' Wyoming home without providing notice as required by

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

Wyoming law. The district court dismissed the Garretts' complaint for lack of prudential standing. On appeal, Wells Fargo not only defends the district court's prudential standing analysis, but also offers an alternative rationale for affirmance—*viz.*, that the Garretts fail to plausibly allege a violation of Wyoming's notice statute. The Garretts failed to respond to this argument—indeed, they declined to file a reply brief at all—so we deem waived any non-obvious reply to Wells Fargo's alternative rationale for affirmance. And, having done so, we conclude that the district court's order is properly upheld on this alternative ground.

We proceed to (I) outline the relevant facts; (II) recount the procedural history; (III) articulate the standard of review and applicable law; (IV) analyze the parties' arguments; and (V) ultimately, **affirm** the district court's judgment.

## I

The Garretts took out a mortgage to buy a home near Cache Creek in Jackson, Wyoming. Wells Fargo later acquired the Garretts' mortgage. The Garretts, who live in Florida, leased the Cache Creek home to Michael Melf.

The Garretts defaulted on their mortgage. So, Wells Fargo sent by certified mail (with return receipt requested) notice of the bank's intent to foreclose to both the Garretts (in Florida) and Mr. Melf (in Wyoming). But Mr. Melf never received Wells Fargo's notice because the United States Postal Service does not deliver mail to the Cache Creek residence. Consequently, the notice of intent to foreclose that was addressed to Mr. Melf was returned undelivered.

2

After neither the Garretts nor Mr. Melf responded to Wells Fargo's notice, the bank foreclosed on the Cache Creek property. The Teton County Sheriff's Office sold the property by public auction on the steps of the Teton County Courthouse, triggering the three-month redemption period set forth in Wyo. Stat. § 1-18-102. The Garretts never redeemed, so the Sherriff's Office executed and delivered to the buyers a Sheriff's deed memorializing their ownership of the Cache Creek property.

## II

The Garretts sued Wells Fargo in Wyoming court, seeking a declaratory judgment, recission of the foreclosure sale, and damages. The Garretts alleged, *inter alia*, that Wells Fargo's foreclosure was defective because "[Mr.] Melf did not receive notice of intent to foreclose as required by [Wyo. Stat.] § 34-4-103(a)(iv)." Aplts.' App. at 115 (Compl., filed Oct. 10, 2023). That provision requires that written notice of intent to foreclose be served "by certified mail with return receipt, mailed to the last known address of the record owner *and the person in possession* at least ten (10) days before commencement of publication of notice of sale." Wyo. Stat. § 34-4-103(a)(iv) (emphasis added).

Wells Fargo removed the Garretts' action to federal district court and moved to dismiss under Fed. R. Civ. P. 12(b)(6). As Wells Fargo interpreted the Wyoming notice statute, it had provided sufficient statutory notice "[b]y *sending* the required notice and establishing compliance via affidavit," regardless of whether Mr. Melf ultimately *received* notice of the bank's intent to foreclose. Aplts.' App. at 211 (Def.'s Mot. to Dismiss, filed Jan. 16, 2024) (emphases added). In other words,

3

Wells Fargo contended that Wyo. Stat. § 34-4-103(a)(iv) "does not require additional proof that the occupant of the Property received and accepted service of Wells Fargo's notice of intent to foreclose." *Id.*  And *even if* Wells Fargo had violated the statutory notice requirement as to Mr. Melf, the bank argued, the Garretts lacked prudential (third-party) standing to sue on Mr. Melf's behalf.

The Garretts opposed Wells Fargo's motion to dismiss, advancing a more literal interpretation of Wyoming's notice requirement: "[I]f Wells Fargo is required to notify the occupant [of the mortgaged premises] pursuant to [§ 34-4-103(a)(iv)], then a return receipt showing 'insufficient address' should require Wells Fargo to do more." *Id.* at 231 (Pls.' Resp. to Def.'s Mot. to Dismiss, filed Jan. 30, 2024).  The "more" that the Garretts argued that the notice statute required of Wells Fargo was proof of actual notice: "In order to strictly comply with the statutory requirement to give notice to the occupant, Wells Fargo has a greater duty.  Wells Fargo has failed to provide any evidence that the occupant actually received notice." *Id.*  The Garretts declined to respond to Wells Fargo's prudential standing argument.

The district court dismissed the Garretts' complaint for lack of prudential standing.  *See id.* at 278 (Dist. Ct. Ord., dated Feb. 7, 2024) (finding the Garretts "provide no authority or basis for allowing them to assert a cause of action belonging to their tenant").  The court entered judgment for Wells Fargo, and the Garretts timely appealed.  Fed. R. App. P. 4(a)(1)(A).

4

## III

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's grant of Wells Fargo's motion to dismiss.  *Albers v. Bd. of Cty. Comm'rs*, 771 F.3d 697, 700 (10th Cir. 2014).

We resolve this appeal under our waiver doctrine.  "When an appellee advances an alternative ground for upholding a ruling by the district judge, and the appellant does not respond," the appellant waives "any objections not obvious to the court to specific points urged by the appellee."  *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1099 (10th Cir. 2019) (quoting *Hardy v. City Optical Inc.*, 39 F.3d 765, 771 (7th Cir. 1994)); *accord Eaton v. Pacheco*, 931 F.3d 1009, 1031 (10th Cir. 2019); *see In re Syngenta AG MIR 162 Corn Litig.*, 111 F.4th 1095, 1110 n.15 (10th Cir. 2024).

## IV

The Garretts appeal from the district court's order dismissing their action.  However, their appellate arguments only meaningfully challenge the district court's prudential-standing determination.  *See* Aplts.' Opening Br. at 24 ("The Garretts ask that the District Court's ruling regarding standing be overruled . . . .").  Although the Garretts' opening brief alludes to their argument below that Wells Fargo "failed to strictly comply with the statutory requirements [of § 34-4-103(a)(iv)]" because Wells Fargo did not demonstrate actual notice, *id.* at 9, the Garretts do not expressly reiterate this actual-notice position on appeal.

5

In response, Wells Fargo notably reprises *both* of the arguments that it raised in its motion to dismiss: (1) the Garretts lack prudential standing to sue on Mr. Melf's behalf, and (2) "the Garretts [] failed to plausibly plead a violation of [Wyo. Stat.] § 34-4-103(a)(iv) . . . which simply requires certified mail [be] *sent* timely to the last known address." Aplee.'s Resp. Br. at 4 (emphasis added). As to the latter argument, Wells Fargo emphasizes that even accepting the Garretts' contention that "their tenant did not *receive* the notice," it nevertheless "complied with Wyoming law by mailing the notice." *Id.* By virtue of this argument, Wells Fargo offers an alternative rationale for affirmance: *even assuming* the Garretts have prudential standing to sue on Mr. Melf's behalf, the Garretts "failed to plausibly plead a violation" of Wyo. Stat. § 34-4-103(a)(iv), *id.*, because the property possessor's actual "*receipt* of the certified mailing is not an element of the Wyoming statute," *id.* at 12–13 (emphasis added); *see Walker v. McAnnany*, 802 P.2d 876, 879–80 (Wyo. 1990).

The Garretts elected not to file a reply brief. The effect of this decision is to forgo an opportunity to respond to Wells Fargo's alternative rationale for affirmance. Recall that the Garretts did no more than allude to a possible response to this rationale in their opening brief. That is not enough to demand our review. *See, e.g. Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are *inadequately presented*, in an appellant's opening brief." (emphasis added)). Under our precedent, absent a response from an appellant under circumstances such as these, we are free to deem

6

waived "any non-obvious response" to an appellee's argument supporting affirmance. *Eaton*, 931 F.3d at 1031; *see United States v. A.S.*, 939 F.3d 1063, 1076 (10th Cir. 2019). And waiver is especially appropriate here because (1) Wells Fargo explicitly identified its notice theory—which rejected the idea that the Wyoming statute required actual notice—as an alternative ground for affirmance; and (2) the Garretts chose to respond to this precise notice theory before the district court, indicating that they were aware of a possible rejoinder but nonetheless declined to marshal it— thereby effectively abandoning it—by not filing a reply brief.

Unaided by the Garretts, we are aware of no obvious arguments to defeat Wells Fargo's notice theory. And because this unchallenged notice theory provides an alternative ground for affirmance, we uphold the district court's dismissal of the Garretts' action, without any need to consider the merits of the Garretts' prudential standing argument.

V

Based on the foregoing, the district court's judgment is **AFFIRMED**.

Entered for the Court

Jerome A. Holmes<br>Chief Judge